Francois GOUIN, Jr., Plaintiff,

v.

Dori C. GOUIN, Esq., a/k/a Dori Faith Chadbourne, in her professional and individual capacities, John G. Dipiano, Esq., in his professional and individual capacities, Suzanne James, in her official and individual capacities, City of Boston, Defendants.

No. 03–11895–MLW.

United States District Court,
D. Massachusetts.

Aug. 1, 2005.

Amy E Ambarik, Boston Police Department Office of the Legal Advisor, Boston, MA, for City of Boston, Suzanne James, Defendants.

Dori F. Chadbourne, Chadbourne & Branson, P.A., Portland, ME, for Dori C. Gouin, Defendant.

John G. DiPiano, Mauser & DiPiano LLP, Boston, MA, for Mauser & Mauser, John G. DiPiano, Esq. Martha D. Mauser, Esq. Timothy M. Mauser, Defendants.

Thomas R Donohue, City of Boston Law Department, Boston, MA, for City of Boston, Suzanne James, Defendants.

Dori C. Gouin, Chadbourne Law Office, Portland, ME, for Dori C. Gouin, Defendant.

Barbara C. Johnson, Andover, MA, for Francois Gouin, Jr., Plaintiff.

Eve A Piemonte–Stacey, Roach & Carpenter, P.C., Boston, MA, for City of Boston, Suzanne James, Defendants.

## FINAL ORDER ON MOTIONS ##118 & 119 SEEKING AN ORDER TO COMPEL DORI CHADBOURNE GOUIN TO ANSWER INTERROGATORIES AND TO PRODUCE DOCUMENTS

COLLINGS, United States Magistrate Judge.

On June 27, 2005, the Court allowed motions ##118 & 119 which the plaintiff had filed to compel Dori Chadbourne Gouin ("the defendant") to serve answers to interrogatories and to produce documents. The motions were allowed because no opposition had been filed.

Plaintiff now seeks an award of reasonable costs, including attorney's fees, in the amount of $1809.50 incurred in obtaining the orders allowing the motions. The defendant opposes any award of fees.

■ The defendant opposes costs on three grounds. The first is that plaintiff's counsel failed to comply with Local Rule 37.1. That Local Rule mandates a conference of counsel to attempt to resolve discovery disputes before any motions to compel are filed. The Rule also requires that any motion to compel contain a certificate attesting to the fact that such a conference was held. While it is indeed true that plaintiff's counsel failed to comply with Local Rule 37.1, that point should have been made in an opposition to the motions to compel. Defendant cannot choose to ignore motions which she deems are without merit; an opposition must be filed. *See* Local Rule 37.1(C).

Defendant's second reason for opposing fees is that she thought the motion to compel would be automatically denied due to that failure so she decided she did not have to file an opposition. This ground is frivolous—nothing in Local Rule 37.1 indicates that the Court would routinely deny a motion to compel which did not contain the certificate.[1] Even if that were the Court's practice, an opposition should have been filed within the time provided by the Local Rules when the Court had not "routinely" denied the motion by the time an opposition was due. Again, the defendant cannot just ignore filings made by an opposing party which seek to compel her to take some action.

Defendant's third reason is a variant of the first—that if a 37.1 conference been held, no motion to compel would have been filed because complete agreement would have been reached. Based on my knowledge of the relationship between plaintiff's counsel and the defendant, this statement is of dubious accuracy. In this connection, I note that plaintiff's counsel has already filed a motion to have the defendant held in contempt for the inadequacy of her answers to interrogatories. *See* # 161. Plaintiff's counsel is also complaining of gaps in the defendant's document production. *See* # 161, Exh. A. But,

again, the bottom line is that if the defendant had a reason to oppose plaintiff's counsel's motions to compel, she was under an obligation to file an opposition in order to bring the deficiencies in the motions to compel to the Court's attention.

■ That being said, plaintiff's claim for fees must be denied for another reason which the defendant fails to point out. Rule 37(a)(4)(A), Fed.R.Civ.P., requires that a fee award be denied when "...the motion is filed without the moving party first making a good faith effort to obtain the disclosure or discovery without court action." The motions to compel were filed on May 29, 2005. There is nothing in the record which would indicate that prior to filing those motions, plaintiff's counsel made any effort, much less a good faith one, to obtain the discovery without filing a motion to compel.

Accordingly, the Court is required to deny plaintiff's counsel's request for fees based on the plain reading of Rule 37(a)(4)(A), Fed. R.Civ.P.[2]

SO ORDERED.

---

1. The Local Rules do provide that documents which are filed without a proper certificate of service are to be returned by the Clerk, *see* Local Rule 5.2(b)(2), but no such provision is contained in Local Rule 37.1.

2. Rule 37(a)(4)(A), Fed.R.Civ.P., permits an award of expenses, including attorney's fees,

"...incurred in making the motion...". Thus, any award under this Rule would be limited to events occurring before the orders compelling discovery were entered, which in this case is before June 27, 2005. Reimbursement for any fees incurred as a result of alleged subsequent non-compliance with the Court's orders would be governed by Rule 37(b)(2), Fed.R.Civ.P.